PER CURIAM.
Alan Biggs appeals his conviction of second-degree murder and sentence of fifteen years imprisonment on the ground that the circumstantial evidence relied upon by the state was legally insufficient to support his conviction. We agree and, for this reason, vacate Biggs’ conviction.
On the evening of October 27, 1985, Biggs and the victim, Michael Bates, had been fishing from a coral rock area at the old Key Largo Airport. According to Biggs, he and Bates set their poles in the water whereupon Bates returned to the tackle box, out of Biggs’ line of sight. Biggs heard two successive thumps, and he asked, “Are you okay?” When Bates did not respond, Biggs went to the vicinity of the tackle box where he discovered Bates on the rocks, seriously injured. Biggs traveled by motorbike to a pay phone and called for help. The ambulance and a Monroe County deputy sheriff arrived on the scene simultaneously to find Bates lying face up on the coral rocks, covered with blood and gasping for air. Biggs was crying and entreating the sheriff and paramedics to assist Bates. Bates was taken to a hospital where he died of his injuries. An autopsy revealed the cause of death to be multiple head injuries due to blunt trauma. The severity of Bates’ injuries negated the possibility of their arising from a fall against the coral rocks. At the crime scene, a detective from the sheriff’s office found a large amount of blood on a sizeable coral rock. The deputy sheriff observed a boat with two occupants about twenty yards offshore. Someone called to the boat, but it moved out to sea. The boat was never located despite an ad the police placed in the newspaper seeking such information.
Biggs was arrested and charged with Bates’ murder. Following his arrest, Biggs mentioned for the first time the presence of the boat near the murder scene. Although he had initially maintained that he and Bates were alone, Biggs later suggested that other people may have been present. A lab report indicated that there was no blood on the shirt Biggs was wearing on the night Bates was killed. The police interviewed Biggs approximately twenty times, but he steadfastly denied killing Bates. At trial, Biggs pled not guilty. At the close of the state’s case, he moved for judgment of acquittal based on the legal insufficiency of the evidence. The trial court denied his motion. The defense rested, and the case was submitted to the jury which found Biggs guilty as charged.
It has long been held in Florida that “where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.” McArthur v. State, 851 So.2d 972 (Fla.1977). Further, the defendant’s version of events must be believed if the circumstances do not demonstrate his version to be false. Id. at 976, n. 12. It is the actual exclusion of the reasonable hypothesis of innocence which clothes circumstantial evidence with the force of proof sufficient to convict. Davis v. State, 90 So.2d 629 (Fla.1956). See also Fowler v. State, 492 So.2d 1344 (Fla. 1st DCA 1986) (state has burden to produce competent substantial evidence susceptible of only one inference that is clearly inconsistent with defendant’s hypothesis of innocence).
In the instant case, the state produced evidence placing Biggs at the scene of the crime, thereby raising an inference that he had the opportunity to murder Bates. The remainder of the state’s evidence — that Biggs could have used a nearer pay phone to call for help, that he told the police about the offshore boat only after his arrest, and that Bates’ death was not accidental but a homicide — does not exclude a hypothesis of Biggs’ innocence.
Moreover, the remaining evidence is consistent with Biggs’ innocence. Biggs called *1384 for an ambulance while Bates was still alive. When law enforcement officers arrived at the crime scene, Biggs was crying and had difficulty talking. There were two people in a John boat only a few yards offshore, and the boat proceeded to move out to sea. According to the medical examiner’s testimony, Bates’ head wounds were multiple and severe. Testimony from the Monroe County sheriff's office indicated that blood was splattered all around on different coral rocks for a distance of nine or ten feet, yet a lab analysis of the long sleeved flannel shirt worn by Biggs the night of the murder failed to yield a trace of blood. The foregoing evidence is far more consistent with Biggs’ version of events and his hypothesis of innocence. The evidence supports a reasonable hypothesis that someone else committed the crime. As the Fowler court observed, “evidence that leaves room for two or more inferences of fact, at least one of which is consistent with the defendant’s hypothesis of innocence, is not legally sufficient to make a case for the jury.” Pursuant to this standard, Biggs’ conviction cannot stand.
We, therefore, reverse and remand this case with directions to discharge the defendant.